| |
|---|
| **Antoniello v Faustina Corp.** |
| 2024 NY Slip Op 31539(U) |
| April 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 604511/2005 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 48

-------------------------------------------------------------------------------------X

PATRICIA ANTONIELLO INDIVIDUALLY AND ON
BEHALF OF FAUSTINA CORPORATION, JOHN SIMEON
INDIVIDUALLY AND ON BEHALF OF FAUSTINA
CORPORATION, MARIE HORN INDIVIDUALLY AND ON
BEHALF OF FAUSTINA CORPORATION, and FRANK
GIAMMARINO INDIVIDUALLY AND ON BEHALF OF
FAUSTINA CORPORATION,

| | |
|---|---|
| **INDEX NO.** | 604511/2005 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 003 |

Plaintiffs,

- v -

FAUSTINA CORPORATION AND JOHN DOE (1 - 10)
INDIVIDUALLY AND AS SHAREHOLDERS, DIRECTORS,
AGENTS AND OFFICERS, OF FAUSTINA
CORPORATION, and ANTHONY SANTELMO,
INDIVIDUALLY AND AS A DIRECTOR AND OFFICER OF
FAUSTINA CORPORATION,

**DECISION + ORDER ON
MOTION**

Defendants.

-------------------------------------------------------------------------------------X

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for          PARTIES - ADD/SUBSTITUTE/INTERVENE          .

This 2005 action was restored to the calendar on October 23, 2023.  (NYSCEF

Doc. No. [NYSCEF] 29, Decision and Order at 1 [mot. seq. 002].)

Plaintiff John Simeon passed away on July 20, 2022.  (NYSCEF 55, Death

Certificate.)

For the reasons stated on the record on April 29, 2024, plaintiff's motion pursuant

to CPLR 1013 is granted to the extent that Janice Simeon-Ruddy and Vincent Santelmo

may intervene in this action as plaintiffs.  Vincent Santelmo owns 20 shares of the

family corporation.  (NYSCEF 45, Santelmo Feb. 29, 2024 aff ¶1.)  The court rejects

defendants' objection that Vincent Santelmo fails to explain his delay in intervening in

**604511/2005   ANTONIELLO, PATRICIA vs. SANTELMO, ANTHONY**                                      **Page 1 of 5**
 **Motion No.  003**

[* 1]

this 2005 action. There is no such requirement in CPLR 1013 and there appears to be no delay or prejudice with his intervention. The court is allowing brief discovery as defendants requested which is necessary, in any case, in this 2005 case to refresh any prior discovery. Defendants admit that Simeon-Ruddy will have at least 10 shares and thus the corporation sent her a K-1. (NYSCEF __, April 29, 2024 tr __;[1] NYSCEF 44, Simeon-Ruddy Feb. 27, 2024 aff ¶¶5-6.) Simeon-Ruddy's application to substitute for her deceased father plaintiff John Simeon is denied. She is not the executor of her father's New Jersey estate for which there appears to be no executor due to family squabbling. (NYSCEF __, April 29, 2024 tr __.) Simeon-Ruddy also makes this request to substitute for her father on behalf of her brother, but there is nothing in the record from the brother authorizing his sister to speak for him and it appears from argument that they are estranged. (NYSCEF 44, Simeon-Ruddy Feb. 27, 2024 aff ¶¶1, 7.) Nevertheless, the shares appear to devolve to Simeon-Ruddy via the by-laws not her father's will. Article VI section 2 of the By-Laws which address "TRANSFER OF SHARES" provides:

> "The shares of the corporation shall be assignable and transferable on the books of the corporation only to the natural and/or adopted children or the full-blooded siblings of the registered owner, and only upon surrender of the certificate endorsed with evidence of authority to transfer. No new certificate shall be issued until the former certificate has been cancelled. The shares of the corporation shall not be devisable by will, except as otherwise provided above. In the event that the registered owner, or his or her transferee of share, as provided herein, shall die without a surviving full-blooded sibling or natural and/or adopted child, said shares shall revert to the corporation." (NYSCEF 48, September 9, 1989 By-Laws, Article VI Section 2.)

---

[1] Plaintiffs shall submit the transcript.

**604511/2005   ANTONIELLO, PATRICIA vs. SANTELMO, ANTHONY**
**Motion No.  003**

**Page 2 of 5**

Based on the By-Laws, defendants' cross-motion pursuant to CPLR 1015(a) to void and nullify this court's October 23, 2023 decision and order is denied. (NYSCEF 29, Decision and Order [mot. seq. 002].) Even if defendants were correct, which they are not, the court was not divested of authority regarding the other plaintiffs in this action. Moreover, it appears from the By-Laws that John Simeon's shares transfer is to his children not his estate. Further, defendants' cross-motion is too late and improper. Defendants objected to plaintiffs' motion 002 and lost. (*Id.*) Their remedy was to appeal or make a motion to renew and reargue within 30 days of the October decision.

Having determined that the movants and this action have a common question of law or fact and that intervention by the movants will not unduly delay the determination of the action or prejudice the substantial rights of any party, any more than it has been delayed already in this 2005 action, it is

ORDERED that the motion to intervene is granted and that Janice Simeon-Ruddy and Vincent Santelmo be permitted to intervene in the above-entitled action as a party plaintiffs; and it is further

ORDERED that defendants' cross-motion to nullify and void this court's October 23, 2023 decision and order is denied based on the By-Laws; and it is further

ORDERED that plaintiffs shall submit the transcript to be so ordered; and it is further

ORDERED that the summons and complaint in this action be amended by adding Janice Simeon-Ruddy and Vincent Santelmo thereto as a party plaintiffs and listing Janice Simeon-Ruddy and Vincent Santelmo as the last plaintiffs in the caption; and it is further

**604511/2005   ANTONIELLO, PATRICIA vs. SANTELMO, ANTHONY**
**Motion No.  003**

**Page 3 of 5**

3 of 5

[* 3]

ORDERED that plaintiffs' attempt to amend the complaint by attaching a proposed amended compliant to this motion is rejected. There is no notice of motion to amend. If plaintiffs wish to amend the complaint, they may file a motion to amend if they are so advised; and it is further

ORDERED that the attorney for the intervenors shall serve a copy of this order with notice of entry upon the Clerk of the Court and the Clerk of the General Clerk's Office, who are directed to amend their records to reflect such change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)]; and it is further

ORDERED that parties are directed to submit a very brief discovery schedule by 12 noon on May 3, 2024. The court will schedule a discovery conference if necessary. Since the note of issue was filed on January 10, 2011 (NYSCEF 19, Note of Issue), the time to file dispositive motions has expired. As soon as limited discovery is complete, the court will schedule a trial date; and it is further

ORDERED that the parties shall read and comply with the Commercial Division rules, Part 48 procedures, and use spell check. This means that the parties shall submit memoranda of law with tables of authorities and table of cases. Memoranda of law are not attorney affirmations and should not be written as such and are not a substitute for each other. The parties shall properly label their memoranda of law on the document itself and in NYSCEF. For example, the movant submits their memorandum

**604511/2005   ANTONIELLO, PATRICIA vs. SANTELMO, ANTHONY**
**Motion No.  003**

**Page 4 of 5**

[* 4]

of law in support of motion to do whatever relief they are seeking and labels the memorandum of law as such. The opponent submits a memorandum of law in opposition and labels it as such. Labeling all memoranda of law as memoranda of law is confusing and useless. NYSCEF offers a wide variety of options for labeling memoranda of law and the court urges the parties to use those options.

| 4/30/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **ANDREA MASLEY, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|--|---------------|---|----------------------|--|
| | | GRANTED | DENIED | x GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**604511/2005   ANTONIELLO, PATRICIA vs. SANTELMO, ANTHONY**
**Motion No.  003**

Page 5 of 5